Ryan Ballard, ISBN 9017
Ballard Law, PLLC
P.O. Box 38
Rexburg, ID 83440
P: (208) 359-5532
F: (208) 485-8528
ryanballardlaw@gmail.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ASHLEY K. EVERILL, <br><br> Plaintiff, <br><br> v. <br><br> CAVALRY SPV1, LLC, <br> a Delaware limited liability company, <br> SUTTELL, HAMMER & WHITE, P.S. <br> a Washington corporation. <br><br> Defendants. | Case No.: 4:15-cv-244 <br><br><br> **COMPLAINT** |

COMES NOW the Plaintiff, Ashley K. Everill, by and through her counsel of record, Ryan A. Ballard of Ballard Law, PLLC, and brings this action against Defendants as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") and the Idaho Consumer Protection Act, Idaho Code § 48-601 *et seq.* (hereinafter, "ICPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

**Complaint - Page 1 of 4**

3. Venue is proper in this District because the acts and transactions occurred here and all the parties reside or transact business here.

## PARTIES

4. Plaintiff Ashley K. Everill is a natural person residing in Twin Falls County, Idaho, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Cavalry SPV1, LLC ("Cavalry") is a Delaware limited liability company engaged in the business of collecting debts, using mails and telephone, in this state with its principal place of business located at 500 Summit Lake Dr., Suite 400, Valhalla, NY 10595.

6. Cavalry SPV1 is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

7. Defendant Suttell, Hammer & White ("Suttell") is a Washington corporation and law firm engaged in the business of collecting debts, using mails and telephone, in this state with its principal place of business in Bellevue, WA.

8. Suttell is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## GENERAL ALLEGATIONS

9. Cavalry is a company which purchases charged-off debts for pennies on the dollar and then enlists law firms to aid in collection of those debts.

10. Cavalry has contracted with Suttell to perform collection efforts on debts allegedly owed by Idaho residents.

11. Those collection efforts frequently include filing suit in Idaho.

12. Upon information and belief, Cavalry provides standard operating procedures which it expects Suttell to follow.

13. Suttell functions as an agent of Cavalry.

14. On May 6, 2015, Suttell filed a lawsuit on behalf of Cavalry in Twin Falls County, Idaho, Cavalry

SPV1 v. Ashley K. Everill, Case No. CV-15-1782.

15. The lawsuit alleged she owed $1,819.16 on an account ending in 5389.

16. Though the complaint did not identify an original creditor, the only creditor it could have been was GE Capital Retail Bank.

17. In 2012, Ms. Everill financed a vacuum cleaner through GE Capital.

18. She defaulted on the loan.

19. In April of 2012, she was sent a letter stating that if she paid $1,522.62 the account would be settled and closed.

20. She made a payment on April 19, 2012 in the amount of $507.54.

21. She made a payment on May 16, 2012 in the amount of $507.54

22. She made a payment on June 18, 2012 in the amount of $507.54.

23. With those three payments totaling $1,522.62, she satisfied the settlement terms set forth in the letter.

24. She was sent a letter stating the account was settled and closed.

25. However, now 3 years later, she no longer has that letter.

## COUNT I: FDCPA VIOLATION

26. The allegations of the prior paragraphs are incorporated as if fully set forth in this paragraph.

27. 15 U.S.C. § 1692e(2)(A), prohibits the false representation of the character, amount, or legal status of any debt.

28. Defendants misrepresented that Ms. Everill owed $1,819.16 despite the fact Ms. Everill had previously settled that account.

29. Even if the $1,522.62 Ms. Everill paid to GE Capital was not a complete settlement of the account, those payments were still not reflected in the balance sought by Defendants.

30. Therefore Defendants have violated 15 U.S.C. § 1692e(2)(A) and Ms. Everill is entitled to statutory damages under 1692k(a)(2)(A), and attorney fees and costs under 15 U.S.C. § 1692k(a)(3).

## COUNT II: ICPA VIOLATION

31. The allegations of the prior paragraphs are incorporated as if fully set forth in this paragraph.

32. Idaho Code § 48-603(17) prohibits the use of unfair and deceptive means in an attempt to collect an alleged debt.

33. By not accounting for payments made by Ms. Everill to GE Capital, Defendants used unfair and deceptive means in an attempt to collect an alleged debt.

34. Therefor Defendants have violated Idaho Code § 48-603(17) and Ms. Everill is entitled to statutory damages under Idaho Code § 48-608(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. Statutory damages of up to $1,000.00 per defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A),

B. Statutory damages of $1,000.00 per defendant pursuant to I.C. § 48-608(1),

C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3) and I.C. § 48-603(5); and

D. For such other and further relief as may be just and proper.

DATED: July 6, 2015

/s/ Ryan A. Ballard
Ryan A. Ballard
Ballard Law, PLLC